FILED
U.S. DISTRICT COURT
DIV.
2011 MAR -8 AM 11:36
CLERK R Ow
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RANDI LAFERNEY,

    Plaintiff,

v.

CIVIL ACTION NO.: CV210-169

THE CITIZENS BANK OF EAST
TENNESSEE; TERRY MORELOCK,
and WILLIAM E. PHILLIPS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a Motion for an Injunction Under Federal Rule of Civil Procedure 65 and Protective Order Restraining Defendants From Intimidating Plaintiff's Witnesses. Defendants filed a Response. According to Plaintiff, there are three (3) people who would like to testify on her behalf, but they are afraid to do so "because of the reputation of the Defendants and because of what the Defendants have done to Plaintiff." (Doc. No. 24, p. 4). Plaintiff contends that, if her potential witnesses can be assured that Defendants will take no action against them—either negative or beneficial—they will be willing to testify on her behalf. To this end, Plaintiff seeks to have the Court issue an injunction against Defendants.

To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to

prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." Horton v. City of St. Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001) (internal citation omitted).

Plaintiff has failed to meet her burden as to any of the four (4) prerequisites and is not entitled to the issuance of an injunction or protective order. Plaintiff has provided the Court with nothing more than her fears and/or suppositions about Defendants' actions, which is an insufficient basis for the issuance of an injunction. The parties, their counsel, and their agents are reminded of the behavior this Court expects of its litigants and are advised to conduct themselves in compliance thereof. Plaintiff's Motion for an Injunction and Protective Order should be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)