# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| RANDI LAFERNEY, | *<br>* |
| Plaintiff, | *<br>* |
| vs. | *<br>*    CV 210-169 |
| THE CITIZENS BANK OF EAST TENNESSEE, TERRY MORELOCK, and WILLIAM E. PHILLIPS, | *<br>*<br>*<br>* |
| Defendants. | * |

## ORDER

Presently before the Court is Defendants' Motion to Dismiss. <u>See</u> Dkt. No. 13. For the reasons stated below, the Court orders the action transferred to the Eastern District of Tennessee pursuant to 28 U.S.C. § 1406(a).

## BACKGROUND

Randi LaFerney ("Plaintiff") was a managing member of Maahr Forest, LLC, ("Maahr Forest") a corporation formed to develop a parcel of land in Tennessee into a residential subdivision known as Wildwood at Hughes Farm. <u>See</u> Dkt. No. 1, at 4-5. Maahr Forest originally financed the project with a loan from Washington

1

County Bank. In May of 2009, Plaintiff, on behalf of Maahr Forest, refinanced the original loan with a loan from Defendant Citizens Bank. In conjunction with the Citizens Bank loan, Plaintiff signed a personal guaranty. The present dispute concerns the personal guaranty and subsequent actions by Defendants related to the loan.

Plaintiff claims Defendants (Citizens Bank and its agents, Terry Morelock and William Phillips) engaged in a conspiracy to fraudulently induce Plaintiff into refinancing her original loan and signing a personal guaranty. Id. Plaintiff alleges that Defendants falsely reported to multiple credit reporting agencies that Plaintiff was personally in arrears on the loan. Plaintiff complains that this false reporting prevented her from securing additional financing for the development project. Id. at 20. Plaintiff also asserts Defendants have taken steps to improperly foreclose on the property. Id. at 7.

Plaintiff relies on multiple theories for recovery: breach of contract; misrepresentation and fraud; violations of federal and state RICO statutes; violations of the Georgia Fair Business Practices Act; negligence; violations of the Georgia Uniform Securities Act; and defamation of credit in violation of federal and state Fair Credit Reporting laws. Id. at 15-21. Defendants moved to dismiss Plaintiff's suit based on lack of personal jurisdiction, improper venue, failure to properly plead a RICO

violation, failure to state a claim under the Fair Credit Reporting Act, and failure to state a claim for breach of contract. See Dkt. No. 13.

The Court concluded that the Southern District of Georgia is not the proper venue for this dispute. Dkt. No. 47, at 6. The Court ordered the parties to file additional briefs addressing the singular issue of whether transfer or dismissal of the action is appropriate under 28 U.S.C. § 1406(a). Id. at 7.

**LEGAL STANDARD**

Where venue is improper, a court may either dismiss the action or transfer the action to an appropriate venue. See 28 U.S.C. § 1406(a); Leach v. Peacock, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011). "The court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.'" Leach, 2011 WL 1130596, at *4. Trial courts generally have broad discretion in evaluating venue arguments and determining whether to transfer or dismiss a case. Id. (citing England v. ITT Thompson Induss., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988)).

## DISCUSSION

The answer to the first inquiry under § 1406(a) – whether the transferee court is one in which the action could have been brought – is simple. This Court noted in its previous order that the Defendants effectively concede that Plaintiff's action could have been brought in the Eastern District of Tennessee. Dkt. No. 47, at 6-7. Moreover, all Defendants reside in the Eastern District of Tennessee and essentially all conduct giving rise to Plaintiff's claims occurred in that District. Dkt. No. 13, at 13-14. Plaintiff could have brought this action in the Eastern District of Tennessee.

Defendants, however, argue this action is not in the interest of justice and the action should be dismissed. Dkt. No. 48, at 1. To support their position, Defendants claim Plaintiff was not diligent and "knowingly file[d] in the wrong district." Id. Defendants also contend that relatively little time has elapsed since the Complaint was filed and that no discovery has occurred. Finally, Defendants argue that none of Plaintiff's claims would be barred by applicable statutes of limitation, therefore Plaintiff can freely refile her Complaint if the present action is dismissed. The Court finds Defendants' arguments unpersuasive.

"[T]he interest of justice may require that the complaint not be dismissed but rather that it be transferred in order that

4

the plaintiff not be penalized by . . . time-consuming and justice-defeating technicalities." Leach, 2011 WL 1130596, at *4 (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)) (internal quotations and citation omitted). Furthermore, "[w]hen venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant." Palmer v. Dau, 2010 WL 2740075, at 2 (M.D. Fla. Jul. 12, 2010) (citing Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 3827 (2d ed. 1998 & 2005 Supp.)).

Defendants have not alleged that Plaintiff filed this suit in the Southern District of Georgia in bad faith or to harass the Defendants. Rather, Defendants merely highlight the lack of legal basis for venue in this district. Dkt. No. 48, at 2. The Court finds no evidence in the Plaintiff's Complaint, motions, or arguments that indicate a bad faith motive. Plaintiff has consistently maintained that this district is the proper venue for this dispute. Plaintiff's arguments are based on misunderstandings of venue provisions, and bringing suit in the Southern District of Georgia does not appear intended to harass Defendants. As such, transfer rather than dismissal of this action is preferred. See e.g., Dau, 2010 WL 2740075, at *2 (holding that transferring rather than dismissing an action was

5

appropriate where improper venue was due to a misunderstanding of venue provisions, not bad faith).

Defendants further argue that because the action is in its early stages transfer is not in the interest of justice. Dkt. No. 48, at 4. This action was filed nearly a year ago, a scheduling order has been entered, the parties have requested (and challenged) an injunction and protective order, and have begun compiling witnesses for trial. Dkt. Nos. 1, 21, 24, 28, 35, and 45. Although the action is far from resolution, it is not so undeveloped to militate in favor of dismissal.

Defendants also argue that Plaintiff's action would not be barred by statute of limitations and therefore transfer is not in the interest of justice. Dkt. No. 48, at 3-4. It is true that "[g]enerally, the court should transfer if dismissal would result in a statute of limitations barring the plaintiff from refiling her claim." Pritchett v. Paschall Truck Lines, Inc., 714 F. Supp. 2d 1171, 1175 (M.D. Ala. 2010) (citing Goldlawr, 369 U.S. at 466-67). However, Defendants point to no authority, and the Court is not aware of any, that states the counter-proposition that the absence of a statutory bar supports dismissal rather than transfer. As Defendants correctly point

6

out "[statutes of limitations are] not a concern here."[1] Dkt. No. 48, at 3.

Ultimately, the Court rejects Defendants' arguments in favor of dismissal and finds that transfer to the Eastern District of Tennessee is in the interest of justice for three primary reasons. First, transfer will allow the Plaintiff to avoid costs and difficulties associated with filing an identical lawsuit in the proper district. See Leach, 2011 WL 1130596, at *4 (noting the benefit of avoiding refilling for plaintiff who mistakenly filed suit in the wrong district). Plaintiff has filed an action, amended her Complaint, and complied with relevant service requirements. Dismissal would require Plaintiff to unnecessarily duplicate these actions. Second, transfer also serves justice in that personal jurisdiction over Defendants in the Eastern District of Tennessee is unambiguous. See id. (observing that transfer serves justice where transferee court would have "unambiguous personal jurisdiction"). Finally, the Eastern District of Tennessee is no way inconvenient for Plaintiff given that her residential property is located there, and it is where Plaintiff executed all relevant loan documents.

---

[1] The Court has no occasion to address the statutes of limitations applicable to this action. Rather, the Court finds that it is in the interest of justice to transfer the action, thus ensuring that Plaintiff's mistaken venue will not lead to any possible statute of limitation concerns. See e.g., Leach, 2011 WL 1130596, at *4 (noting "transfer would avoid any statute-of-limitations concerns").

AO 72A
(Rev. 8/82)

Plaintiff has also articulated concerns that she will not receive fair adjudication of her claims in the Eastern District of Tennessee. See Dkt. No. 49, at 8-9. Plaintiff has provided no credible argument to suggest that the District Court for the Eastern District of Tennessee will not fairly hear Plaintiff's claims. Plaintiff's unsubstantiated concerns about the fairness of the transferee district do not support an argument against transfer. See e.g., Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352 (N.D. Ga. 2004) (rejecting Plaintiff's concerns about the fairness of the transferee district in deciding whether to transfer a dispute under 28 U.S.C. § 1404(a) motion).

Pursuant to § 1391, venue is proper in the Eastern District of Tennessee because all Defendants reside there and a substantial part of the events giving rise to Plaintiff's claims occurred there. The Court finds that transfer, not dismissal, of the action is in the interest of justice. Accordingly, the case will be transferred to the Eastern District of Tennessee.

**CONCLUSION**

For the reasons stated above, venue for this action is improper in the Southern District of Georgia. The Court **TRANSFERS** this action to the Eastern District of Tennessee, pursuant to 28 U.S.C. § 1406(a). The portions of Defendants' pending motion challenging personal jurisdiction are hereby

8

AO 72A
(Rev. 8/82)

**DENIED** as moot; the remaining portions of Defendants' pending motion to dismiss are to be **TRANSFERRED** with the action.

**SO ORDERED**, this 30th day of September, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA